

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Hon. George W. Cox
State Health Officer
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-7502

Re: Is it mandatory that the
city health officer be
appointed each year and
related questions.

Your letter of November 9, 1946, has been received requesting an opinion of this department and presenting the following two questions:

"(1). According to the state laws, is it mandatory that the city health officer be appointed every two years?

"(2). Where an existing mayor and city council is re-elected entirely and they wish to keep the same city health officer, is it necessary for the governing body to again officially appoint the health officer for a new term?"

Article 4425, Revised Civil Statutes of Texas, as amended, provides:

"The governing body of each incorporated city and town within this State shall elect a qualified person for the office of city health officer by a majority of the votes of the governing body, except in cities which may be operated under a charter providing for a different method of selecting city physicians, in which event the office of city health officer shall be filled as is now filled by the city physician, but in no instance shall the office of city health officer be abolished. The city health officer, after appointment, shall take and subscribe to the official oath, and shall file a copy of such oath and a copy of his appointment

with the Texas State Board of Health, and shall not be deemed to be legally qualified until said copies shall have been so filed."

No tenure of office is prescribed for the city health officer, so the city would have authority to prescribe by ordinance what the authorities felt would be the proper length of the term of a city health officer. However, the term of office could not be fixed for a term longer than two years because of the limitations provided in Article XVI, Section 30, of the Texas Constitution. See also Callaghan vs. McGown, 90 S.W. 322; McDonald vs. City of Dallas, 69 S.W. 2nd 175, affirmed 98 S.W. 2nd 167, opinion withdrawn on rehearing and reversed on other grounds, 103 S.W. 2nd 725.

However, Article XVI, Section 17, of the State Constitution provides:

"All officers within the State shall continue to perform the duties of their offices until their successors shall be duly qualified."

Therefore, our answer to your first question is that a city health officer does not have to be appointed every two years, but his term of office cannot be for a longer term than two years.

Our answer to your second question is that it would not be necessary for the governing body of a city to again officially appoint a person to the office of city health officer if that person now holds the office because that person would hold the office until his successor should be duly qualified, but it would be advisable if the city health officer's term had expired.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Jno. C. Knorpp
Assistant

APPROVED DEC 16 1946

FIRST ASSISTANT
ATTORNEY GENERAL

JCK:djm


APPROVED
OPINION
COMMITTEE